## IN THE UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF PENNSYLVANIA

CYNTHIA BRUBAKER              :
       Plaintiff             :
                           :
                           :     CIVIL ACTION NO
    v                         :
                           :

STEPHEN G DIAMONTONI, M.D.   :    **18    3823**
& ASSOCIATES FAMILY PRACTICE
AND HOWARD J. GERSTEIN, M D
Defendants                :

### COMPLAINT

### JURY TRIAL DEMANDED

**FILED**
SEP 05 2018
KATE BARKMAN, Clerk
By _____ Dep Clerk

**INTRODUCTION:**

1.    This action is brought by Cynthia Brubaker to redress her deprivation of rights under the Americans with Disabilities Act (ADA/ADAA), and under the Family Medical Leave Act (FMLA) and under Pennsylvania Human Relations Act (PHRA) and for claims of wrongful discharge. In support of these claims, Cynthia Brubaker alleges.

**JURISDICTION AND VENUE**:

2.    Original jurisdiction founded on the existence of questions arising under particular statutes. The action arises under the Americans with Disabilities Act and Americans with Disabilities Act as amended (ADA/ADAA) and Family Medical Leave Act (FMLA).

3.    Jurisdiction founded upon principals of pendent jurisdiction under 28 U S C section 1367 that authorizes the court to supplemental jurisdiction over any claims against parties that are part of the same controversy as the claim that provides the basis for the court's original jurisdiction.

1



4.      Defendant Stephen G. Diamantoni, M.D. & Associates Family Practice (hereafter Defendant Diamantoni & Associates) is an employer with more than fifty employees.

.      5.      The matter in controversy exceeds, exclusive of interests and costs, the sum of one hundred thousand dollars.

6.      The unlawful practices and harm complained of occurred in Lancaster County in the Commonwealth of Pennsylvania where defendant employer conducts business and Plaintiff performed services on behalf of the defendant practice. Venue therefore lies in the Eastern District of Pennsylvania.

7.      Plaintiff complied with all the conditions precedent to the filing of this complaint. See attached Notice of Rights issued by the Equal Employment Opportunity Commission at Exhibit A.

**PARTIES:**

8.      Plaintiff Cynthia Brubaker is a citizen of Lancaster County in the Commonwealth of Pennsylvania. Plaintiff was employed by the defendants as a Physician's Assistant. Plaintiff worked at the Lancaster-Franklin Street Office located at 734 North Franklin Street, Lancaster, Lancaster County, Pennsylvania.

9.      Defendant Diamantoni & Associates is a family medical provider with various offices in Lancaster County, Pennsylvania including the Franklin Street location where the plaintiff worked.

10.      Defendant Howard Gerstein, M.D. is a primary care physician and a partner with the Stephen G. Diamontoni, M.D. & Associates Family Practice. Defendant Gerstein oversees and manages the Franklin Street office where Plaintiff worked.

2

Defendant Gerstein was the plaintiff's direct supervisor. Defendant Gerstein acted for Defendant Diamantoni & Associates Family Practice and acted individually on his own behalf.

11.     At all times relevant, Defendant Diamantoni & Associates Family Practice acted by and through all partners, owners, physicians, management, staff, directors, officers, supervisors, nurses, employees and all other agents.

**CLAIMS:**

12.     Plaintiff is a qualified and experienced certified physician's assistant.

13.     Plaintiff is disabled. Plaintiff's disabilities affect her daily life activities including bending, breathing, communicating, concentrating, learning, balance, and thinking. The major bodily functions affected include the brain, digestive system, hemi system and neurological system. At all times relevant, Plaintiff was able to perform the essential functions of her job with and without accommodation. Defendants were on notice and aware of the plaintiff's disabilities.

14.     On or about May 21, 2007, Defendant Diamantoni & Associates hired Plaintiff as a full time physician's assistant to work at the Lancaster-Franklin Street office, Lancaster County, Pennsylvania.

15.     Defendant Howard Gerstein, M.D.is a partner in the practice who oversaw and was responsible for the business operations of the Franklin Street location. Plaintiff directly reported and was supervised by Defendant Gerstein.

16.     The plaintiff requested and was granted intermittent leave from work to care for her husband who suffered a stroke on October 10, 2016. Plaintiff took

intermittent family medical leave time as needed and necessary for his care that averaged about one day a week for a month through November 2016.

17.    The plaintiff was granted medical leave from work for one week from on or about November 10, 2016 through November 17, 2016 for planned foot surgery. She returned to work without restrictions.

18.    On or about December 6, 2016, Defendant Gerstein made derogatory comments and threats to plaintiff regarding her protected family medical leave. He threatened her that he "wanted to keep you" but "you are missing too much work".

19.    On or about December 31, 2016, Defendant Gerstein again threatened the plaintiff that he didn't want to "fire her" but she was missing too much work and she must "make up the time" that she was off for approved Family Medical Leave.

20.    Plaintiff protested the threats and punitive actions. Plaintiff reminded Defendant Gerstein that her leave was protected under the Family Medical Leave Act. Defendant Gerstein replied that he "didn't know what it is (Family Medical Leave) and don't care what it is".

21.    Defendant Diamantoni & Associates has fifty plus employee and was required to comply with the Family Medical Leave Act including but not limited to the anti-retaliation provisions of the Act.

22.    Plaintiff suffered a stroke on January 3, 2017. Plaintiff went out on approved Family Medical Leave from January 3, 2017 through February, 2017. She returned to work on part-time schedule working four half days a week until May 31, 2017, per her restrictions from her neurologist.

4

23.     The terms of plaintiff's employment were governed by an employment agreement.  The agreement beginning July 1, 2017, reduced Plaintiff's work hours to permanent part-time at four days a week.  Plaintiff requested that her compensation beginning be base pay versus productivity.  Defendant Gerstein denied that request.

24.     Plaintiff was diagnosed with coronary artery disease in July 2017.  She was hospitalized one night and does not believe that she lost any time from work.

25      Plaintiff received good performance reviews during her term of employment.  She diligently met her patient obligations and worked all hours apart from medical leave.  Plaintiff was qualified for her position as a Physician's Assistant.

26.     On Thursday, July 5, 2018, August 10, 2017, Plaintiff was injured at work by a violent patient.  Defendant Gerstein was not present in the office.

a       A patient of the practice was irate and belligerent to the receptionist at the checkout desk. Plaintiff intervened in attempt to calm down the patient  The patient was moved into the open waiting room at which time he escalated and fixated on the plaintiff: "It's good she was not in Vietnam and I should shoot her" and at the same time the patient used his hands to emulate shooting a machine gun at the plaintiff.

27.     The patient's loud and aggressive threat was made in the open waiting room.  The patient's loud and aggressive threat placed the plaintiff in danger for her life  The traumatic event caused the plaintiff to suffer emotional and physical distress for which she receives care and treatment.

28.     Officer Williams of the Lancaster City Police responded to the scene and pursued charges against the patient for harassment and disorderly conduct Obscene Language/Gesture

29.     Defendant Gerstein was critical but initially supportive to the plaintiff but his demeanor and attitude drastically changed upon the plaintiff's cooperation with the police.

30.     Plaintiff was not scheduled to work on Mondays. The following scheduled workday, Tuesday, August 15, 2017, Defendant Gerstein called the plaintiff into an empty exam room. He raised his voice and sternly demanded that the plaintiff "drop the charges" and that she not cooperate with the police action. Plaintiff was intimidated and reasonably believed that her job was at risk. Defendant Gerstein refused to allow the plaintiff to leave the exam room until she acquiesced and agreed to call the police.

31.     That afternoon August 15, 2017, under duress, the plaintiff called Officer Williams of the Lancaster City Police. The Officer informed the plaintiff that the charges were already processed and needed to go through based on the officer's investigation and assessment that the patient's actions were violent toward the plaintiff.

32.     Defendant Gerstein's threats and hostility towards the plaintiff compounded the trauma of the assault by the patient. Plaintiff suffered panic attacks, severe anxiety, chest pains, shortness of breath, dizziness and related symptoms later diagnosed as Post Traumatic Stress Disorder that caused a set-back for the plaintiff's recovery from her stroke of six months earlier.

33.     The harassment, hostility and intimidation were intolerable. Plaintiff drove to the office on Friday, August 18, 2017, but suffered a panic attack, chest pain, shortness of breath and dizziness and she could not enter the premises. Plaintiff was placed off work. Plaintiff's last day worked was Thursday, August 17, 2017.

34.     Plaintiff presented medical certification to the defendants and requested accommodated leave/family medical leave from work. In retaliation, the defendants demanded that the plaintiff pay thousands of dollars to the defendant practice for purported lost productivity charges.

35.     On or about September 18, 2017, Plaintiff was served with notice to appear as a witness at the Magisterial District Court in Lancaster City on October 24, 2017, for the Summary Trial against the violent patient. At the conclusion of the hearing, the patient was found guilty.

36.     The patient perpetrator continues to appear on the premises and receive medical care and services with the Defendants despite his violent behavior.

37     Defendants refused to make the work place safe for plaintiff to return to work. No meaningful and no effective remedial action was taken.

38     Defendants discharged the plaintiff from employment on December 31, 2017. After the fact, on or about January 18, 2017, Defendants notified the plaintiff that she was discharged from employment weeks earlier on December 31, 2017. Unbeknownst to the plaintiff she was uninsured in January 2018 and her necessary medical care and treatment was not covered.

39.     Defendants retaliated and wrongfully discharged Plaintiff for reporting that she was the victim of a violence that occurred at work.

40.     Defendants retaliated and wrongfully discharged Plaintiff for reporting violence in the workplace and cooperating with a police action.

41.     Defendants retaliated and wrongfully discharged Plaintiff for appearing as a witness at the criminal hearing held on October 24, 2017, against the violent patient that

threatened to shoot and kill the plaintiff. The patient was found guilty on both counts of Harassment and Disorderly Conduct Obscene Language/Gesture.

42.     The wrongful discharge violated public policy.

43     Defendants subjected the plaintiff to violence in the work place, changed conditions of employment, harassment, hostility, punitively charged her money for purported lost productivity, exposed her to unsafe and unhealthy work conditions, intimidated her, threatened her job and wrongfully discharged her from employment.

44.     Defendants subjected the plaintiff to harassment, hostility, changed conditions of employment, adverse employment actions, wrongful discharge and retaliation on the basis of her disabilities, requested accommodation, requesting and taking Family Medical Leave, requesting and taking accommodated leave under the ADA/ADAAA, and engaging in protected activity.

45     As a result of the defendants' actions and inactions, the plaintiff suffered harm and losses.

46.     Plaintiff timely filed administrative charges of discrimination against Defendant with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. Plaintiff exhausted her administrative remedies   See Notice of Rights attached Exhibit A.

47.     Defendants caused Plaintiff to suffer harm and losses.

## COUNT I

## VIOLATIONS OF THE ADA/ADAAA

## CYNTHIA BRUBAKER V STEPHEN G. DIAMANTONI, M.D. &

## ASSOCIATES FAMILY PRACTICE

8

48.     The allegations of paragraphs 1 thru 47 are incorporated by reference.

49.     The conduct by Defendant Diamantoni & Associates described above constitutes violations of the Americans with Disabilities Act as amended.

50.     The conduct by Defendant described above was willful within the meaning of the Americans with Disabilities Act as amended.


**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Stephen G. Diamantoni, M.D. & Associates Family Practice and the Court:

(A)     Award Plaintiff actual damages for loss of revenue, including back pay, differential pay, future earnings and lost benefits with interest;

(B)     Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C)     Award Plaintiff punitive damages;

(D)     Award Plaintiff costs of this action and reasonable attorney's fees;

(E)     Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT II

## VIOLATIONS OF THE FMLA

## CYNTHIA BRUBAKER V STEPHEN G. DIAMANTONI, M.D. &

## ASSOCIATES FAMILY PRACTICE

51.     The allegations of paragraphs 1 thru 50 are incorporated by reference.

52.     The conduct by Defendant Diamantoni & Associates described above constitutes violations of the Family Medical Leave Act.

53     The conduct by Defendant described above was willful within the meaning of the Family Medical Leave Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Stephen G. Diamantoni, M.D. & Associates Family Practice and the Court:

(A)     Award Plaintiff actual damages for loss of revenue, including back pay, differential pay, future earnings and lost benefits with interest,

(B)     Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C)     Award Plaintiff liquidated damages;

(D)     Award Plaintiff costs of this action and reasonable attorney's fees;

(E)     Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT III

### VIOLATIONS OF THE PHRC

### CYNTHIA BRUBAKER V STEPHEN G. DIAMANTONI, M.D. &

### ASSOCIATES FAMILY PRACTICE AND HOWARD J. GERSTEIN, M.D.

54.     The allegations of paragraphs 1 thru 53 are incorporated by reference.

55.     The conduct by Defendants described above constitutes violations of the Pennsylvania Human Relations Act.

56.     Individual Defendant Gerstein aided and abetted discrimination in violation of the Pennsylvania Human Relations Act.

57.     The conduct by Defendants described above was willful within the meaning of the Pennsylvania Human Relations Act.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Stephen G. Diamontoni, M.D. & Associates and Howard Gerstein, M.D. and the Court:

(A)     Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits with interest;

(B)     Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C)     Award Plaintiff costs of this action and reasonable attorney's fees;

(D)     Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT  IV

## WRONGFUL DISCHARGE

## CYNTHIA BRUBAKER V STEPHEN G. DIAMANTONI, M.D. & ASSOCIATES AND HOWARD J GERSTEIN, M.D.

58.     The allegations of paragraphs 1 thru 57 are incorporated by reference.

59.     On Thursday, August 10, 2017, Plaintiff was injured at work by a violent patient. The patient escalated, fixated, threatened and assaulted the plaintiff: "It's good she was not in Vietnam and I should shoot her" and at the same time the patient used his hands to emulate shooting a machine gun at the plaintiff.

60.     The patient's loud and aggressive acts were perpetrated in the open
waiting room. The patient's loud and aggressive threat placed the plaintiff in danger for
her life and caused her emotional and physical distress for which she receives care and
treatment

61.     Officer Williams of the Lancaster City Police responded to the scene and
pursued charges against the patient for harassment and disorderly conduct obscene
language/gesture.

62.     On the following Tuesday, August 15, 2017, within days of the assault,
Defendant Gerstein called the plaintiff into an exam room. He raised his voice and
sternly demanded that the plaintiff "drop the charges" and that she not cooperate with the
police   Plaintiff was intimidated and reasonably believed that her job was at risk.
Defendant Gerstein refused to allow the plaintiff to leave the exam room until she
acquiesced and agreed to call the police.

63.     That afternoon August 15, 2017, under duress, the plaintiff called Officer
Williams of the Lancaster City Police. The Officer informed the plaintiff that the charges
were already processed and needed to go through based on the officer's investigation and
assessment of the violent actions of the patient toward the plaintiff.

64.     Defendant Gerstein's threats and hostility towards the plaintiff
compounded the trauma of the assault by the patient.  Plaintiff suffered panic attacks,
severe anxiety, chest pains, shortness of breath, dizziness and related symptoms later
diagnosed as Post Traumatic Stress Disorder and caused a set-back for the plaintiff's
recovery from the stroke of January 2017.

12

65.     The harassment and intimidation were intolerable.  Plaintiff's treating
physician placed her off work for work-related anxiety and stress. Plaintiff's last day
worked was Thursday, August 17, 2017.

66     On or about September 18, 2017, Plaintiff was served with notice to
appear on October 24, 2017, as a witness at the Magisterial District Court 02-2-04 for the
Summary Trial against the patient.  At the conclusion of the hearing, the patient was
found guilty.

67.     The patient perpetrator continued to appear on the premises and receive
medical care and services with Defendants.

68.     Defendants refused to make the work place safe for plaintiff to return to
work.

69.     Defendants discharged the plaintiff from employment on December 31,
2017.   After the fact, on or about January 18, 2017, Defendants notified the plaintiff that
she was discharged from employment weeks earlier on December 31, 2017.
Unbeknownst to the plaintiff she was uninsured in January 2018 and her necessary
medical care and treatment was not covered.

70.     Defendants retaliated and wrongfully discharged Plaintiff for reporting
that she was the victim of a violence that occurred at work.

71.     Defendants retaliated and wrongfully discharged Plaintiff for reporting a
crime in the workplace and cooperating with a police action.

72.     Defendants retaliated and wrongfully discharged Plaintiff for appearing as
a witness at the criminal hearing held on October 24, 2017, against the violent patient that

13

threatened to shoot and kill the plaintiff.  The patient was found guilty on both counts of

Harassment and Disorderly Conduct Obscene Language/Gesture.

73.     The wrongful discharge violated public policy.

74.     Defendants are liable to Plaintiff for wrongful discharge.

75.     As a result of the wrongful discharge, Plaintiff suffered harm and losses

76.     Defendants' conduct, as fully set forth above, was outrageous, deliberate,

intentional, malicious, wanton, willful, reckless and in blatant disregard of the Plaintiff's

rights, and in disregard to her health, safety and protections and form the basis for

punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter

judgment in her favor and against Defendants Stephen G. Diamontoni, M.D. &

Associates Family Practice and Howard J. Gerstein, M.D. and the Court:

(A)     Award Plaintiff actual damages for loss of revenue, including

back-pay, differential pay, future earnings and lost benefits with interest,

(B)     Award Plaintiff compensatory damages for emotional distress, lost

career, embarrassment, and humiliation;

(C )     Award Plaintiff punitive damages;

(D)     Award Plaintiff costs of this action and reasonable attorney's fees,

(E)     Award Plaintiff all other relief to which Plaintiff may appear

entitled or which the Court deems appropriate and just.

14

Respectfully submitted:

Nina B. Shapiro, Esquire

Attorney for Plaintiff
PA #44040
53 North Duke Street, Suite 201
Lancaster, PA 17602
717-399-8720
 bgdnbs@aol.com

DATE:  September 2, 2018

EXHIBIT A

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### DISMISSAL AND NOTICE OF RIGHTS



| To | From. |
|---|---|
| Cynthia A. Brubaker | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

[ ] On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No |
|---|---|---|
| 530-2018-00487 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

Jamie R. Williamson,
**District Director**

6/13/2018
*(Date Mailed)*

Enclosures(s)

cc:   **DIAMANTONI & ASSOCIATES FAMILY PRACTICE**
**Marjorie N. Kaye, Jr., Attorney at Law (for Respondent)**
**Nina Shapiro, Attorney at Law, (for Charging Party)**